Filed 10/30/23  P. v. Duckworth CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEE DUCKWORTH, JR.,<br><br>     Defendant and Appellant. | C098033<br><br>(Super. Ct. No. STK-CR-FECOD-2022-0000377) |

Appointed counsel for defendant Robert Lee Duckworth, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant was driving a Hyundai Sonata in Stockton on January 11, 2022. Dashawn Madave was his passenger.  Stockton Police Officers Darren Newland and William Hall stopped the vehicle because the Hyundai had front dark tinted windows. Both defendant and Madave were on searchable parole and Officer Hall found marijuana

1

on the back seat and a loaded 40-caliber handgun in a small backpack in the trunk.[1] Authorities also located rifle magazines and loose rifle ammunition in a plastic bag in that trunk. Defendant told officers the Hyundai belonged to his wife but the contents were his. Madave, testifying under a grant of immunity, denied knowing anything about there being a gun in the car and stated he only had his cellphone with him. Defendant made incriminating statements to Officer Newland and during recorded jail calls. The parties stipulated to defendant's prior felony conviction.

A jury found defendant guilty of being a felon in possession of ammunition (Pen. Code, § 30305, subd. (a)(1)),[2] but was unable to reach verdicts on the remaining counts concerning possession of the handgun (§§ 25850, subd. (c)(3), 29800, subd. (a)(1)), which were dismissed on the People's motion in the interests of justice. In a bifurcated proceeding, the trial court determined defendant had a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).

Thereafter, the trial court denied defendant's motions for a new trial, to reduce defendant's conviction to a misdemeanor, and to strike the prior strike. The trial court sentenced him to four years in prison (the middle term of two years, doubled because of the prior strike), awarded 32 days of presentence credit (16 actual days and 16 conduct days), and imposed statutory minimum fines and fees.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel

---

[1] The trial court denied defendant's motion to suppress this evidence, concluding there was probable cause for the stop, defendant and Madave were both on searchable parole, and officers knew of the parole status prior to the search.

[2] Undesignated statutory references are to the Penal Code.

of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
DUARTE, J.

/S/
BOULWARE EURIE, J.

3